UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JANE ALLARD,<br><br>    Plaintiff,<br>v.<br><br>LOWE'S HOME CENTER, LLC,<br><br>    Defendant. | Civil Action No.<br>3:22-CV-179 (CSH)<br><br><br>FEBRUARY 11, 2022 |

## ORDER ON SUBJECT MATTER JURISDICTION

**HAIGHT, Senior District Judge:**

### I.  INTRODUCTION

On or about December 30, 2021, Plaintiff Janine Allard commenced this negligence action for personal injuries against Lowe's Home Centers, LLC ("Lowe's") in the Connecticut Superior Court, Judicial District of Middlesex.[1] *See Janine Allard v. Lowe's Home Center, LLC,* Case No. MMX-CV22-6033369-S (hereinafter "State Action"). On February 1, 2022, Defendant Lowe's removed the State Action to this Court pursuant to the following statutory provisions: 28 U.S.C. § 1332(a)(1) (invoking "diversity of citizenship" subject matter jurisdiction), 28 U.S.C. § 1441(a) (filing in the District of Connecticut, the "district and division embracing the place where [the] action

---

[1] The Court derives this commencement date from the face of the Complaint in state court. However, to be clear, Lowe's asserts that on January 4, 2022, it received service of a copy of the writ, Summons and Complaint through delivery by a marshal to Lowe's registered agent for service, Deneen L. Seifel. Doc. 1 ("Notice of Removal"), ¶ 1. The Complaint and Summons were thereafter filed in the Connecticut state court on January 24, 2022. *Id.* From these facts, removal appears timely under 28 U.S.C. § 1446(b) because it was filed on February 1, 2022, "within thirty days after receipt" by Lowe's of the Summons and Complaint on January 4.

1

is pending," the Judicial District of Middlesex, located in Middletown, Connecticut), and 28 U.S.C. § 1446(b) (removing within 30 days after receipt by Defendant of the Summons and Complaint).

As noted above, Plaintiff's action is a common law negligence claim. According to the Complaint, Plaintiff was injured while shopping at the paint counter in the Lowe's Home Center located in Cromwell, Connecticut. In particular, Plaintiff alleges that "an employee pushing a mechanical stepping ladder struck her head and body, pinning her between the machinery [of the stepping ladder] and the shopping cart" she had been using, "causing her to suffer and sustain . . . injuries." Doc. 1, at 8 (Complaint, ¶ 4). Because Plaintiff brings solely a state law claim for negligence, Lowe's bases this Court's subject matter jurisdiction for purposes of removal on diversity of citizenship under 28 U.S.C. § 1332(a).[2]  Doc. 1 (Notice of Removal), ¶¶ 3-4, 7.

In the Notice of Removal, Lowe's asserts that "(1) the principal place of business of the Defendant Lowe's Home Center, LLC, is wholly diverse from the citizenship of the plaintiff; (2) the citizenship of the members of the Defendant limited liability company is wholly diverse from the domicile/citizenship of the plaintiff; and (3) the amount in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00)." *Id.* ¶ 7.  *See also id.* ¶ 3 ( "This action involves citizens of different states."); *id* ¶ 6 ("Upon information and belief, . . . the amount in controversy . . . is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs."). Based on these allegations, Lowe's states that the action falls within the requirements of § 1332(a)(1), which grants the district courts "original jurisdiction of all civil actions where the

---

[2] From the face of the Complaint, there is no arguable ground upon which the Court may assert the alternative basis of "federal question" subject matter jurisdiction. 28 U.S.C. § 1331, captioned "Federal question," provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." No such federal law is implicated in this case.

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States."

However, the party "asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)), *cert. denied*, 140 S. Ct. 1117, 206 L. Ed. 2d 185 (2020). *See also Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) ("The burden of proving jurisdiction is on the party asserting it."). Therefore, to assert "diversity of citizenship" subject matter jurisdiction, Lowe's has the burden of clearly establishing the citizenship of both parties. In the "Notice of Removal," Lowe's has failed to sufficiently prove its own citizenship.

Lowe's erroneously relies upon the fact that "the principal place of business of the Defendant Lowe's Home Center, LLC, is wholly diverse from the citizenship of the plaintiff." Doc. 1, ¶ 7. As discussed *infra*, for diversity purposes, a limited liability company's citizenship is determined by the citizenship of its members, and not by its principal place of business. Moreover, if Lowe's is a limited liability company, its assertion that its members' citizenship is diverse from that of Plaintiff has insufficient support in the factual record. *Id.* ¶¶ 3, 7. Lowe's provides no list of its members, their nature (individual, corporation, or limited liability company) and/or facts to support their citizenship. Absent proof of subject matter jurisdiction, the case may not proceed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## II. DISCUSSION

It is incumbent on a federal court to determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court must consider its subject matter

jurisdiction *sua sponte*. *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006), *cert. denied*, 549 U.S. 1282 (2007); *Promisel v. First Am. Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991), *cert. denied*, 502 U.S. 1060 (1992).

Unlike failure of personal jurisdiction, "failure of subject matter jurisdiction is not waivable." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If subject matter jurisdiction is lacking, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3); *Lyndonville*, 211 F.3d at 700-01. *See also, e.g., Daly v. Citigroup Inc.*, 939 F.3d 415, 425 (2d Cir. 2019) ("A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it.")(quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)), *cert. denied*, 140 S. Ct. 1117, 206 L. Ed. 2d 185 (2020). Furthermore,"[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova*, 201 F.3d at 113.

In the case at bar, as to the parties' citizenship, Lowe's alleges that "Plaintiff is a citizen of the State of Connecticut." Doc. 1, ¶ 4. If Plaintiff was actually *domiciled* in Connecticut at the relevant times, that fact is true. *See  Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (An individual's citizenship for diversity purposes is determined by his or her domicile, not residence.). A person's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning."  *Id.* (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).  While an individual may have several residences, he or she can have only one domicile. *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992).  The relevant dates of domicile for diversity purposes are the filing dates of the State Action (January 24, 2022) and the Notice of Removal (February 1, 2022). *See  United Food & Com. Workers Union, Loc. 919,*

*AFL-CIO v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994) ("[W]here basis of removal is diversity then diversity of citizenship must exist at time action was filed in state court as well as at time of removal.") (citing 14A Wright & Miller § 3723, at 311-12). If Janine Allard was domiciled in Connecticut at the time she filed the State Action and when Lowe's removed the case to this Court, Connecticut is her state of citizenship.

As to Lowe's citizenship, it alleges that it "is a limited liability corporation with a principal place of business in North Carolina;" and "[p]ursuant to *Andreoni v. Forest City Enterprises, Inc.,* 660 F. Supp. 2d 254, 257 (D. Conn. 2009), . . . the members of Lowe's Home Center, LLC and their states of domicile are North Carolina." Doc. 1, ¶ 4. This information conflicts with respect to proving citizenship. If Lowe's is a corporation, pursuant to 28 U.S.C.§ 1332(c)(1), in general, that corporation "shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." As a corporation, Lowe's principal place of business would establish one state of which it is a citizen, but its state(s) of incorporation would also be necessary to determine citizenship.

Alternatively, if Lowe's is actually a limited liability company, as Lowe's itself acknowledges in its "Notice of Removal," the basis for citizenship for diversity purposes is determined by the citizenship of a limited liability company's members. Doc. 1, ¶ 4. *See also Am. Com. Ins. Co. v. Bronko Constr. LLC*, No. 3:21-CV-1640 (CSH), 2022 WL 313885, at *2 (D. Conn. Feb. 2, 2022) ("[A] limited liability company . . . takes the citizenship of *each of its members*.") (quoting *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (emphasis added)); *Andreoni*, 660 F. Supp. 2d at 257 ("It is well-established that an artificial legal entity other than a corporation does not have a state of incorporation or "principal place of

business" for diversity-jurisdiction purposes, and its citizenship is instead determined by the citizenship of that entity's members.") (collecting cases). To establish its own citizenship as a limited liability company, Lowe's must list the names of its members, whether they are individuals or entities (corporations, limited liability companies), and the factual basis for determining the citizenship of each. Moreover, only if Lowe's members are solely individuals does their "state of domicile," in this case allegedly North Carolina, fully determine their citizenship.

In order for diversity to exist in this case, Plaintiff Allard's citizenship must be diverse from that of Lowe's, including each of its members if Lowe's is a limited liability company. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.") (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Moreover, when a case has been removed, diversity must exist at the time the action was commenced and at the time it was removed. *See United Food,* 30 F.3d at 301. Additionally, if Lowe's is a citizen of Connecticut, removal based on diversity is barred by § 1441. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Finally, as to the jurisdictional minimum under § 1332(a) of $75,000, exclusive of interest and costs, Plaintiff Allard has alleged extensive physical injuries which may well exceed that minimum.[3] However, per the requirements of state court, her Complaint in the State Action simply

---

[3] In her Complaint in the State Action, Plaintiff alleges that she has suffered "the following injuries, all of which may be permanent in nature: concussion; soft tissue swelling along the left occipital region; post concussive syndrome; inability to focus and concentrate; inability to complete

includes a "Statement of Amount in Demand" which is "greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of costs or interest." Doc. 1, at 12 (emphasis in original). If Plaintiff contests Lowe's assertion that her damages also exceed $75,000, she may so indicate to this Court and provide the factual basis for her assertion.

### III.  CONCLUSION

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food*, 30 F.3d at 303 (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541(1986)). "Litigants, therefore, cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they 'fail[ ] to challenge jurisdiction early in the proceedings.'" *Id.* (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

In order for this case to proceed, Defendant Lowe's must establish its citizenship for diversity purposes by providing the necessary factual record. The Court hereby ORDERS that on or before **March 7, 2022**, Defendant Lowe's must file one or more affidavits to explicitly indicate whether it is a corporation or a limited liability company. If it is a corporation, Lowe's must provide its states of incorporation, as well as its principal place of business. 28 U.S.C. § 1332(c)(1). Alternatively if it is a limited liability company, Lowe's must provide the identities and citizenship of each of its members (*i.e.*, those who hold an equity interest in Lowe's) when the action was commenced in state

---

normal daily activities; word finding issues; vertigo; photophobia; hematoma of scalp; headaches; nausea; dizziness; cervical spine strain/sprain; cervicalgia; and lumbar spine sprain/strain; all to her loss." Doc. 1, at 10 (¶ 6). She has, and also will continue to have, expenses for "medical care, neurological care, hospital care, chiropractic care, prescriptions and related miscellaneous medical expenses." *Id.* (¶ 7). In addition, Plaintiff alleges restrictions "in the performance and enjoyment of her usual physical activities" and the loss of her gainful employment. *Id.* (¶¶ 8-9).

court and on the date the action was removed to this Court. *See, e.g., Bayerische Landesbank*, 692 F.3d at 49. If any member is an individual, Lowe's must establish that person's state of domicile. *See Palazzo*, 232 F.3d at 42. If any member is a corporation, Lowe's must indicate all states of incorporation and the principal place of business for that corporation. If Lowe's members include any limited liability company, Lowe's shall establish the citizenship of each member of said limited liability company.

Additionally, if Plaintiff Janine Allard contests Lowe's characterization of her citizenship as Connecticut and/or the total amount of her requested damages as exceeding $75,000, exclusive of interest and costs, she must file an affidavit so stating by **March 7, 2022**.[4] In that affidavit, to prove her citizenship, she must provide the address at which she was domiciled on the relevant dates (January 24, 2022, and February 1, 2022). Moreover, if her damages do not exceed the statutory minimum of $75,000, exclusive of interest and costs, she must inform the Court of that fact and provide the factual basis for that assertion.

Case deadlines for Lowe's to file an answer or response to the Complaint and for the parties to meet and confer to draft their "Report of Rule 26(f) Planning Meeting" are hereby STAYED pending the Court's determination on subject matter jurisdiction. If upon review of the parties' affidavit(s) the Court determines that it possesses subject matter jurisdiction, the action may proceed. In that event, the Court will set the dates for the aforementioned case deadlines.

---

[4] On the Summons in the State Action, Plaintiff Janine Allard's address is listed as "95 South Street, Cromwell, Connecticut 06416." Doc. 1, at 7. If she was domiciled at that location on the relevant dates, she is a citizen of Connecticut for diversity purposes in this action.

Otherwise, in the absence of subject matter jurisdiction, the Court will remand the action to state court for further proceedings.

It is SO ORDERED.

Dated: New Haven, Connecticut
February 11, 2022

                                                           */s/Charles S. Haight, Jr.*
                                                  CHARLES S. HAIGHT, JR.
                                                  Senior United States District Judge